IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTIONE DIRAY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-14-1199-R |
| v. ) | |
| ) | |
| OKLAHOMA ATTORNEY GENERAL, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

According to Plaintiff's Complaint and attached Brief in Support filed November 3, 2014, Plaintiff is incarcerated at the Lawton Correctional Facility. As his sole ground for relief, Plaintiff asserts that his Fourth and Fourteenth Amendment rights were violated because he was detained in Lawton, Oklahoma, pursuant to a warrantless arrest on criminal charges without a probable cause determination. Plaintiff contends he was "detained without warrant or a [probable cause] hearing from January 5th 2009 untill [sic] the preliminary hearing held March 2nd 2009 and resulted in an excessive delay of 57 days without a determination of probable cause being made." Brief in Support, at 3. Plaintiff seeks $100,00.00 in compensatory damages for this alleged constitutional deprivation.

1

With his Complaint and Brief in Support, Plaintiff has provided a partial copy of the docket sheet in State of Oklahoma v. Antione Diray Johnson, Case No. CF-2009-8, District Court of Comanche County, Oklahoma. The docket sheet further reflects that the felony charges in this case were filed on January 5, 2009, and an initial appearance was conducted before Judge Reeves on January 7, 2009, at which time Plaintiff entered a plea of not guilty, bond was set at $100,000.00, and the case was set for a preliminary hearing on March 2, 2009. A preliminary hearing was conducted on March 2, 2009, at which Petitioner appeared with counsel, and he was bound over for trial. An amended information was filed in the case on March 9, 2009, to assert that the robbery offenses were committed after Plaintiff had been convicted of previous felony offenses. Petitioner appeared with his attorney for a formal arraignment on the charges conducted in the district court on March 12, 2009. Plaintiff was convicted on September 30, 2010, of five counts of Robbery with a Dangerous Weapon.

Taking judicial notice of the Court's own records, Petitioner has sought habeas relief pursuant to 28 U.S.C. § 2254 in another pending action filed in this Court. In that action, Antione Diray Johnson v. Robert Patton, Director, Case No. CIV-14-1263-C, Petitioner stated that he was convicted on September 30, 2010, of five counts of Robbery with a Dangerous Weapon in the District Court of Comanche County, Oklahoma in Case No. CF-2009-08, and his convictions and sentences in the case were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA") on February 15, 2012, in Case No. F-2010-979. A copy of the 11-page summary opinion issued by the OCCA in Petitioner's direct appeal is attached to his petition in his pending habeas action. These documents show that

Petitioner did not raise an issue regarding the lack of a probable cause determination in his direct appeal.

I. <u>Statutory Screening of Prisoner Complaints</u>

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. <u>Kay v. Bemis</u>, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a *pro se* litigant's pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327 (1989).

3

II. Official Capacity Immunity

The only Defendant named in this action is the Oklahoma Attorney General. States, state officials named in their official capacities, and "arms of the State" are entitled to immunity under the Eleventh Amendment unless the State has waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)(holding "the principle of sovereign immunity is a constitutional limitation on the federal judicial power," but that a State's sovereign immunity may be waived by an unequivocal expression of waiver). Although in some circumstances Congress may abrogate a State's sovereign immunity by legislation, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of a State. See Quern v. Jordan, 440 U.S. 332, 345 (1979)( § 1983 does not waive States' sovereign immunity). Further, Oklahoma has not consented to Plaintiff's suit against its state officials in their official capacities. See Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994)("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). Thus, the Eleventh Amendment bars Plaintiff's § 1983 action seeking damages from Defendant Oklahoma Attorney General in his official capacity.[1] Consequently, Defendant Oklahoma Attorney General should be dismissed from the action

---

[1] Although "a suit for prospective relief against state officials named in their official capacities, based upon an ongoing violation of federal law, is not considered an action against the state within the meaning of the Eleventh Amendment," Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1234 (10th Cir. 2010), Plaintiff has not alleged an ongoing violation of federal law.

4

pursuant to 28 U.S.C. §§ 1915A9b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and on the basis of Defendant's sovereign immunity.

III. Individual Capacity - Participation

To the extent the Complaint can be construed to assert a claim for damages against Defendant Oklahoma Attorney General in his individual capacity, "[i]ndividual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted). "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff has not alleged that Defendant Oklahoma Attorney General participated in any manner in his state court criminal case. Therefore, Defendant Oklahoma Attorney General should be dismissed from the action pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

IV. Delay in Probable Cause Determination

Allowing Plaintiff to amend the Complaint to name one or more participating defendants would be futile. See Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1151 (10th Cir. 2013)("[L]eave to amend should be freely given when justice so requires, but a district

5

court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend [his] complaint.")(ellipsis, brackets, and internal quotation marks omitted); Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007)("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks omitted).

In cases of warrantless arrests, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). "[T]his determination must be made by a judicial officer either before or promptly after arrest." Id. at 125. "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991).

The determination of probable cause can be made "reliably without an adversary hearing. The standard is the same as that for arrest. That standard - probable cause to believe the suspect has committed a crime - traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony ...." Gerstein, 420 U.S. at 120. The determination can be made without the presence of the arrestee or counsel. Id. at 122-123. See Strepka v. Miller, 28 Fed. Appx. 823, 828 (10th Cir. Nov. 21, 2001)(unpublished op.)(probable cause "determination can be made ex parte, without the presence of the arrestee")(citing Garcia v. City of Chicago, 24 F.3d 966, 969 (7th Cir. 1994) and King v. Jones, 824 F.2d 324, 327 (4th Cir. 1987)). The probable cause determination

may also be combined with another pretrial procedure, such as an arraignment. See Riverside, 500 U.S. at 55, 58 (noting "Gerstein permits jurisdictions to incorporate probable cause determinations into other pretrial procedures," and holding "Riverside County is entitled to combine probable cause determinations with arraignments").

Plaintiff alleges he was arrested without a warrant and detained on January 5, 2009. The evidentiary materials attached to the Complaint reflect that charges were filed against Plaintiff on January 5, 2009, and an arraignment/initial appearance hearing was conducted in the criminal case two days later, on January 7, 2009, before a judge in the district court in which Petitioner entered a plea and the judge set the case for preliminary hearing. Assuming the truth of Plaintiff's statement in his Complaint that he was arrested on January 5, 2009, the necessary probable cause determination was made on January 7, 2009, within approximately 48 hours of Plaintiff's arrest, in light of the evidentiary documents presented by Plaintiff with his Complaint. See Wallace v. Kato, 549 U.S. 384, 389 (2007)(in case of individual arrested without a warrant, he is detained without process until, "for example, he is bound over by a magistrate or arraigned on charges"). It appears, as well, that the statute of limitations applicable to Plaintiff's § 1983 action has expired. See Fratus v. Deland, 49 F.3d 673, 674-675 (10th Cir. 1995)(Court may "consider affirmative defenses sua sponte" for purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed.")(quotations and alterations omitted); Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998)(for section 1983 actions arising in Oklahoma, Oklahoma's two year statute of limitations for personal injury

7

suits applies).

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and on the ground of sovereign immunity. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . ."). Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___December 22nd___, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this   2nd   day of     December    , 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

//