IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTIONE DIRAY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-14-1199-R |
| v. | ) | |
| | ) | |
| TOM CRAWFORD, et al., | ) | |
| | ) | |
| Defendants.[1] | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

On March 23, 2015, Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed an Amended Complaint in this 42 U.S.C. § 1983 action.[2] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed without prejudice.

Plaintiff's only allegation in his Amended Complaint and supporting brief is that there

---

[1]Plaintiff's Amended Complaint does not name the Oklahoma Attorney General as a Defendant. Therefore, the Clerk shall amend the docket to reflect that the Oklahoma Attorney General is no longer a Defendant in this action.

[2]Plaintiff is incarcerated at the Lawton Correctional Facility, a private prison that provides housing for inmates in the custody of the Oklahoma Department of Corrections.

1

was no probable cause determination made within 48 hours of his warrantless arrest in Lawton, Oklahoma, on January 5, 2009, on a robbery charge.[3] Plaintiff seeks $100,000.00 in compensatory damages for this alleged violation of his Fourth and Fourteenth Amendment rights.

With his Amended Complaint and Brief in Support, Plaintiff has provided a partial copy of the docket sheet in State of Oklahoma v. Antione Diray Johnson, Case No. CF-2009-8, District Court of Comanche County, Oklahoma. The docket sheet in this case reflects that Plaintiff was initially charged with one count of robbery with a dangerous weapon on January 5, 2009. An initial appearance/arraignment was conducted before Judge Reeves on January 7, 2009, at which time Plaintiff entered a plea of not guilty, bond was set at $100,000.00, and the case was set for a preliminary hearing on March 2, 2009.

A preliminary hearing was conducted in the case on March 2, 2009, at which Plaintiff appeared with counsel, and he was bound over for trial. An amended information was filed in the case on March 9, 2009, to assert that the robbery offense was committed after Plaintiff had been convicted of previous felony offenses. Plaintiff appeared with his attorney for a formal arraignment on the charge in the district court on March 12, 2009.

Public records of the Comanche County District Court reflect that a second amended information was filed in the case on May 26, 2009, charging Plaintiff with four additional counts

---

[3]Plaintiff alleged this same claim in his initial Complaint and supporting brief filed in November 2014. The Amended Complaint names as Defendants several City of Lawton law enforcement officers, the City of Lawton, a United States Marshals Service deputy, and a prosecutor in Comanche County, Oklahoma.

of robbery with a dangerous weapon. Plaintiff was convicted in a nonjury trial on September 30, 2010, of all five robbery charges, and his convictions and sentences were affirmed on appeal. http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=309289&db=Comanche (last accessed March 25, 2015). Taking judicial notice of the Court's own records, Plaintiff has a pending 28 U.S.C. § 2254 habeas action in this Court challenging his convictions and sentences in Case No. CF-2009-8. Antione Diray Johnson v. Robert Patton, Director, Case No. CIV-14-1263-C.

I. Statutory Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. §1915(e)(2). After conducting an initial review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d

3

1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Analysis

In cases of warrantless arrests, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). "[T]his determination must be made by a judicial officer either before or promptly after arrest." Id. at 125. "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991).

It is within the authority of the individual States to incorporate probable cause determinations "into their differing systems of pretrial procedures." Id. at 53. The probable cause determination may be combined with another pretrial procedure, such as an arraignment. See Riverside, 500 U.S. at 55, 58 (noting "Gerstein permits jurisdictions to incorporate probable cause determinations into other pretrial procedures," and holding "Riverside County is entitled to combine probable cause determinations with arraignments"). See also Wallace v. Kato, 549 U.S. 384, 389 (2007)(in case of individual arrested without a warrant, he is detained without process until, "for example, he is bound over by a magistrate or arraigned on charges").

4

Plaintiff alleges he was arrested without a warrant and detained on January 5, 2009. The evidentiary materials attached to the Complaint and Amended Complaint reflect that a criminal charge was initiated against Plaintiff on January 5, 2009, and an arraignment/initial appearance hearing was conducted in the criminal case two days later, on January 7, 2009, before a judge in the district court. At this time, according to the court's record of the hearing, Plaintiff entered a plea, and the judge set a bond and set the case for preliminary hearing.

Assuming the truth of Plaintiff's statement in his Complaint that he was arrested on January 5, 2009, the necessary probable cause determination was made on January 7, 2009, within approximately 48 hours of Plaintiff's arrest, at the time the judge ordered Plaintiff detained unless he posted bond. See Starr v. Hicks, 2012 WL 20131218, *3 (N.D.Okla. 2012)(unpublished op.)(state court judge's order that plaintiff be held without bond required judge to find that probable cause existed to detain the plaintiff).

Even if Plaintiff could show that he was detained without a timely probable cause determination, the statute of limitations applicable to Plaintiff's § 1983 action has expired. See Fratus v. Deland, 49 F.3d 673, 674-675 (10th Cir. 1995)(court may "consider affirmative defenses *sua sponte*" for purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed.")(quotations and alterations omitted).

In this case, the two-year limitations period applicable to his § 1983 action began to run when Plaintiff was aware of the facts underlying his claim. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998)(for section 1983 actions arising in Oklahoma, Oklahoma's two year statute

5

of limitations for personal injury suits applies); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995)(civil rights action accrues when "facts that would support a cause of action are or should be apparent"). Thus, Plaintiff had to bring his action within two years of the date when facts supporting his action were or should have been apparent. The event giving rise to Plaintiff's claim accrued at the latest on January 7, 2009, the date of his arraignment/initial appearance. Consequently, the limitations period expired in January 2011, long before Plaintiff filed the instant action in November 2014.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C.] §1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___April 15th___, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report

and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 26th day of March , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE