# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTIONE DIRAY JOHNSON,     )
                                      )

        Plaintiff,           )
                                      )

v.                                  )      **Case No. CIV-14-1199-R**
                                      )

TOM CRAWFORD, et al.,       )
                                      )

        Defendants.      )

## ORDER

Plaintiff filed an amended complaint alleging a violation of his constitutional rights and seeking relief pursuant to 42 U.S.C. § 1983. Doc. No. 22. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 26, 2015, Judge Purcell issued a Supplemental Report and Recommendation wherein he recommended that the case be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Doc. No. 24, at 6. This matter comes before the Court on Plaintiff's timely objection to the Supplemental Report and Recommendation, Doc. No. 25, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Supplemental Report and Recommendation to which Plaintiff makes specific objection.

Plaintiff, a state prisoner appearing pro se, filed a complaint under § 1983 alleging Defendants' failure to conduct a  probable cause hearing within forty-eight hours of his warrantless arrest on January 5, 2009, which violated his Fourth and Fourteenth

Amendment rights. Doc. No. 22, Ex. 1, at 2-3. Plaintiff seeks $100,000 in compensatory damages. *Id.* at 3.

Judge Purcell recommends dismissing this action first because he found that the necessary probable cause determination was made at a hearing on January 7, 2009 when the state court judge ordered Plaintiff detained unless he posted bond. Doc. No. 24, at 5. Plaintiff objects to this conclusion, arguing that Judge Purcell made this determination without any evidence to support it. Doc. No. 25, at 1. But that is not the only basis for recommending dismissal. The Magistrate Judge also found that Plaintiff fails to state a claim because he did not file this action prior to the expiration of the statute of limitations. Doc. No. 24, at 5.

The statute of limitations for Plaintiff's § 1983 claim is two years. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). This claim accrued when Plaintiff knew or should have known that his constitutional rights had been violated. *Id.* Assuming Plaintiff did not receive a timely probable cause hearing, he certainly should have known in January 2009, the month of his arrest, that his right to such a hearing had been violated. Therefore, the statute of limitations expired in January 2011, several years prior to his initial filing of this action on November 3, 2014. *See* Doc. No. 1. In his Objection, Plaintiff does not discuss the statute of limitations on his claim. Because this ground is sufficient to find that he has failed to state a claim upon which relief may be granted, the Court need not analyze any other basis for dismissal.

Plaintiff also objects to Judge Purcell's recommendation that the dismissal of this action count as one strike pursuant to 28 U.S.C. § 1915(g). *Id.* at 1; *see* Doc. No. 24, at 6. When an action is dismissed for failure to state a claim under either § 1915(e)(2)(B) or § 1915A, the dismissal counts as a strike under § 1915(g). *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176-77 (10th Cir. 2011) (citation omitted). Plaintiff fails to state a claim for a violation of § 1983 because he is barred by the statute of limitations. *See Billinger v. Weinhold*, 531 F. App'x 928, 929 (10th Cir. 2013) (unpublished) ("Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" (quoting *Aldrich v. McCullough Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Therefore, this dismissal shall count as a strike pursuant to § 1915(g) after Plaintiff has exhausted or waived his right to appeal, in accordance with *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

In accordance with the foregoing, the Supplemental Report and Recommendation of the Magistrate Judge [Doc. No. 24] is ADOPTED to the extent it relies on the expiration of the statute of limitations, and Plaintiff's amended complaint [Doc. No. 22] is DISMISSED.

IT IS SO ORDERED this 14th day of April, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE